IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.  5:15CR230 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES D. THOMPSON | ) | |
| | ) | <u>SENTENCING MEMORANDUM</u> |
| Defendant. | ) | |


James D. Thompson ("Defendant"), through counsel and for the reasons more fully set forth in the attached Memorandum, moves this Honorable Court to impose a sentence consistent with the stipulated sentencing guidelines and the plea agreement between the parties.


Respectfully submitted,


*/s/ Fernando O. Mack*
FERNANDO O. MACK
Ohio Reg. No.: 0062937
1220 W. 6th Street, Suite 203
Cleveland, OH 44113
Phone: (216) 256-9610
Fax: (216) 575-7664
losmacks@msn.com

1

## MEMORANDUM

### I.    STATEMENT OF THE CASE

On June 24, 2015, Defendant was named in a one-count indictment, in which he was charged with Sex Trafficking of Children or by Force, Fraud, or Coercion, a Class A felony in violation of 18 U.S.C. § 1591(a)(1).

Defendant pled guilty to the indictment on August 25, 2015; this Court referred the matter for a presentence investigation report and scheduled a sentencing hearing for November 30, 2015.

### II.    LAW AND ARGUMENT

#### A.    The Sentencing Guidelines are Merely Advisory, and Not Binding Upon this Honorable Court

The Supreme Court has ruled that its Sixth Amendment holdings in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) apply to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005).  Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in *Blakely* and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court.  *Id*. at 751.  Accordingly, reaffirming its holding in *Apprendi*, the Court concluded that –

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

*Id.* at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), or which rely upon

the Guidelines' mandatory nature, 18 U.S.C. § 3742(e), incompatible with its Sixth Amendment

holding.  *Booker*, 125 S. Ct. at 756.  Accordingly, the Court severed and excised those

provisions, "mak[ing] the Guidelines effectively advisory." *Id*. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised

by *Booker*,

> requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a) (4)
> (Supp.2004), but it permits the court to tailor the sentence in light of other statutory
> concerns as well, see §3553(a).

*Booker*, 125 S. Ct. at 757.  Thus, under *Booker*, sentencing courts must treat the guidelines as just one

of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence

sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph

2." Section 3553(a) (2) states that such purposes are:

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to
> provide just punishment for the offense;
> (B)  to afford adequate deterrence to criminal conduct;
> (C)  to protect the public from further crimes of the defendant; and
> (D)  to provide the defendant with needed educational or vocational training, medical
> care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to

consider the following factors:

> 1)  "the nature and circumstances of the offense and the history and characteristics of
> the defendant" (§3553(a)(1));
> 2)  "the kinds of sentences available" (§ 3553(a)(3));
> 3)  "the need to avoid unwarranted sentence disparities among defendants with similar
> records who have been found guilty of similar conduct" (§3553(a)(6)); and
> 4)  "the need to provide restitution to any victims of the offense."  (§3553(a)(7)).

Other statutory sections also give the district court direction in sentencing.  Under 18

U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in

determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. § 3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added).  This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth.  See: U.S.S.G. § 5H1. See also: *United States v. Naylor*, 359 F.Supp.2d 521, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses, he was 17, and noting that in *Roper v. Simmons,* 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of *Booker* and § 3553(a) make clear that courts may no longer uncritically apply the guidelines.  Such an approach would be "inconsistent with the holdings of the merits majority in *Booker*, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in *Booker*, directing courts to consider all of the § 3353(a) factors, many of which the guidelines either reject or ignore."  *United States v. Ranum*, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.).  As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in *Booker*." *United States v. Jaber*, 362

4

F.Supp.2d 365, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.).  *See also United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), *reh'g en banc granted*, 401 F.3d 1007 (9th Cir. 2005).

The overriding principle and basic mandate of 18 U.S.C. §3553(a) requires district courts impose a sentence "sufficient, but not greater than necessary," to achieve the four (4) purposes of sentencing set forth in 18 U.S.C. §3553(a) (2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation.  *United States v. Phelps*, 366 F.Supp.2d 580, 587 (E.D. Tenn. 2005).

As recently as December 10, 2007, the United States Supreme Court reemphasized the district court's discretion in fashioning a reasonable sentence.  See *United States v. Gall*, 128 S.Ct. 586 (2007).  Additionally, the Sixth Circuit has already ruled to apply this broadly discretionary reasonableness analysis. See: *United States v. Lalonde*, 2007 WL 4321998 (6th Cir., Case No. 06-4536, December 12, 2007).

**B.    Application of the Statutory Sentencing Factors to the Facts of this Case**

In this case, pursuant to U.S.S.G. §2G1.3(a)(2), Defendant's base offense level is thirty (30).  Because he used a computer in the course of committing the offense, there is a two-level increase (+2) pursuant to § 2G1.3(b)(3)(B).  There is an additional two-level increase (+2) pursuant to §2G1.3(b)(4)(A) because Defendant received proceeds of the victim's sex acts.  The resulting adjusted offense level is thirty-four (34).

Defendant has accepted responsibility for the offense, and made a timely notification to the government of his intent to plea; therefore, the government will recommend a reduction of three (3) levels.

After the application of the above adjustments, Defendant's **total offense level is thirty-one (31)**.

According to the probation department's presentence report (see paragraph 20), there is an additional five-level enhancement that applies pursuant to USSG §4B1.5. *However, Defendant has filed an objection to this, as it is excluded from the parties' plea agreement*. The probation department did identify factors that may warrant a variance below the guideline range; namely, that the guideline range may be greater than what is required to satisfy the requirements of 18 U.S.C. 3553 (see paragraph 74).

With the addition of other relevant reductions contemplated by the parties in the plea agreement, Defendant's **final offense level** will be **twenty-six (26)**.

Defendant's criminal history score subtotal is three (3). Two points are added because he was on post-release control at the time of the offense. **A total criminal history score of five (5)** corresponds to Criminal History Category III within the Sentencing Table.

Pursuant to the guideline provisions, based on the above totals Defendant's range of imprisonment is **78-97 months**.

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

   **(a) Nature and Circumstances of Offense**

Defendant has pled guilty to Sex Trafficking in violation of 18 U.S.C. § 1591. He has accepted personal responsibility for his actions, noting that he is trying to change his life and would like help with addressing the issues that led to his being before this Court.

**(b) History and Characteristics of Defendant**

Defendant is twenty-three (23) years old.  He was born in 1992 in Akron, Ohio, and has lived there his entire life.  He and his four siblings were raised by their mother; Defendant has not had contact with his father since he was a very young child.  He had a difficult childhood, but does not blame his mother, who he says worked hard and provided well for him and his siblings.  Rather, he blames himself for spending time with the wrong people and for refusing to follow his mother's rules.

From the time he was a boy, Defendant has had serious issues with substance abuse.  He began using marijuana at age eleven (11).  By his teenage years, he was using cocaine and heroin – often simultaneously – at a rate of about two grams per drug per day.  Despite such heavy use, Defendant has never received any sort of substance abuse treatment; he does acknowledge that it would greatly benefit him.

While he did not finish high school and does not have a significant history of regular employment, Defendant has not been without responsibilities – before being incarcerated for this case, he was living with and helping to care for his elderly grandfather, and assisting his mother, who suffers from health problems.

Defendant has never been married and has no children.

**2.      The Need for the Sentence Imposed To Promote Certain Statutory Objectives:**

**(a) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

Defendant has accepted personal responsibility for his actions by way of his plea and has shown due deference and respect for the law and the seriousness of the offense.  Consequently, a term of imprisonment of <u>78 months</u> will serve the just punishment for the offense with respect to the seriousness of the offense and is within the stipulated sentencing guideline for these offenses.

7

**(b) to afford adequate deterrence to criminal conduct**

Defendant knows that he did wrong by engaging in the behavior that led to his being before this Court. He also knows that he did not give appropriate consideration to the potential consequences of his actions. Now, however, Defendant understands the seriousness of the offenses and the necessity of refraining from making such choices in the future. In light of that, 78 months of imprisonment will serve as an adequate deterrence to future criminal conduct.

**(c) to protect the public from further crimes of the defendant**

Defendant is remorseful and has regret relative to the actions that led to this case. Of course, the fact that he will be incarcerated for, at minimum, the next six and a half years will serve to protect the public from any possible crimes during that time. However, the experience of having committed the instant offense and being able to reflect upon the seriousness of his conduct and the resulting consequences has strengthened Defendant's resolve to lead a law-abiding life upon the conclusion of his incarceration.

**(d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

If available, Defendant would be interested in educational, vocational, and substance abuse training while incarcerated. A prison sentence of 78 months should provide some time for him to effectively complete any training he undertakes.

**3.    The Kinds of Sentences Available**

In *Booker*, the Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. *Booker,* 125 S. Ct. at 756. This renders the sentencing guidelines advisory. *Id.*

8

Based on the circumstances of this case, imposition of the minimum stipulated term of imprisonment would be sufficient to serve the statutory directives.

### 4.     The Sentencing Range Established by the Sentencing Commission

Pursuant to the Presentencing Investigation Report, Defendant falls within a guideline range of imprisonment of 235 to 293 months, with a minimum of 5 years of supervised release.  However, that calculation includes a 5-point increase (USSG §4B1.5) that is not contemplated in the plea agreement, and does not include a USSG §5K1.1 decrease pursuant to a motion that Defendant anticipates the government will make.

Following the guideline term set forth by the plea agreement, the minimum guideline term of 78 months of imprisonment is sufficient, but not greater than necessary, to comply with statutory directives.

### 5.     The Need to Avoid Unwarranted Disparities

Defendant was convicted of Sex Trafficking in violation of 18 U.S.C. § 1591.  To sentence him above the stipulated guideline range of 78-97 months would create a disparity between him and other similarly-situated defendants.  Moreover, a sentence above 78-97 months would be greater than necessary to comply with the sentencing guidelines.  Therefore, a sentence of 78 months imprisonment falls within the sentencing guidelines for the crime committed and is sufficient, but not greater than necessary, to comply with statutory directives.

### 6.     The Need to Provide Restitution to any Victims of the Offense

Restitution is not an issue in this case.

**<u>CONCLUSION</u>**

Defendant respectfully moves this Honorable Court to sentence him in accord with the stipulated sentencing range of 78 to 97 months.  A sentence pursuant to that guideline range will promote respect for the law and provide just punishment to afford adequate deterrence to criminal conduct.  Additionally, it will avoid an unwarranted sentence disparity.

Respectfully submitted,

<u>*/s/ Fernando O. Mack*</u>
FERNANDO O. MACK
Ohio Reg. No.: 0062937
1220 W. 6th Street, Suite 203
Cleveland, OH 44113
Phone: (216) 556-9610
losmacks@msn.com

10

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this *Sentencing Memorandum* was filed with the Court via its Electronic Filing System.  It is further certified that a copy of said Motion has been electronically transmitted to all concerned parties, via the Court's Electronic Filing System, on November 17, 2015.

   */s/ Fernando O. Mack*
FERNANDO O. MACK
*Attorney for Defendant*